**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| STATE OF DELAWARE | : | |
| | : | |
| v. | : | I.D. No.: 2203005115 |
| | : | |
| HAROLD WARRINGTON | : | |
| | : | |
| Defendant. | : | |

**ORDER**

Submitted: April 5, 2024
Decided: July 1, 2024

On this 1st day of July, 2024, after considering Defendant Harold Warrington's Motion for Postconviction Relief, his appointed counsel's Memorandum of Law, the State's opposition, the Commissioner's Report and Recommendation (the "Report"), and the record in this case, **IT APPEARS THAT:**

1.     On November 16, 2022, Mr. Warrington pled guilty to one count of Driving Under the Influence of Alcohol – 7th offense under 21 Del. C. § 4177.[1]  The State also charged Mr. Warrington with one count each of Leaving the Scene of a Collision, Malicious Mischief Involving a Motor Vehicle, Failure to Report a Collision Involving Alcohol or Drugs, and Failure to Provide Information at a Collision Scene Resulting in Property Damage.[2]  Upon the entry of Mr. Warrington's

---

[1] D.I. 8 (Nov. 16, 2022).

[2] D.I. 3 (Aug. 1, 2022).

guilty plea, the State entered a *nolle prosequi* on Mr. Warrington's remaining charges.[3]

2. On March 1, 2023, this Court sentenced Mr. Warrington to 15 years of incarceration at Level V, suspended after five years, for declining levels of quasi-confinement and community supervision.[4] The Level V time imposed constituted the minimum mandatory period of incarceration associated with the 7th Offense Driving Under the Influence of Alcohol charge to which Mr. Warrington pled.

3. Mr. Warrington filed a *pro se* Motion for Review of Sentence on March 20, 2023.[5] This Court denied that motion on March 27, 2023.

4. Mr. Warrington, proceeding *pro se*, filed the instant Motion for Postconviction Relief on August 17, 2023.[6] Mr. Warrington has not otherwise appealed his conviction.

5. Mr. Warrington advances four grounds for postconviction relief: (1) newly discovered evidence; (2) insufficient evidence; (3) actual innocence; and (4) ineffective assistance of counsel.[7] Mr. Warrington contends he only started drinking

---

[3] D.I. 8.

[4] D.I. 10 (Mar. 1, 2023).

[5] D.I. 12 (Mar. 24, 2023).

[6] D.I. 14 (Aug 23, 2023).

[7] Id. at 3.

after he crashed his car.[8]  He posits the police report constitutes newly discovered evidence that proves Mr. Warrington did not drink and drive.[9]  He further asserts trial counsel rendered ineffective assistance of counsel by failing to investigate the evidence properly and misleading Mr. Warrington about his plea agreement.[10]

6.     The Court referred Mr. Warrington's matter to a Superior Court Commissioner, as permitted by 10 Del. C. § 512(b) and Superior Court Criminal Rule 62.[11]  The Commissioner ordered a briefing schedule, requiring trial counsel to submit an affidavit responding to Mr. Warrington's allegations.[12]

7.     Trial counsel filed the required affidavit responding to Mr. Warrington's allegations.[13]  Trial counsel averred that:  (1) the police report referenced by Mr. Warrington did not constitute newly discovered evidence; (2) trial counsel reviewed the police report, as well as all terms and conditions of the plea agreement, with Mr. Warrington before the entry of his plea; and (3) trial counsel

---

[8] Id.

[9] Id.

[10] Id.

[11] D.I. 15 (Aug. 28, 2023).

[12] D.I. 16 (Aug. 29, 2023).

[13] D.I. 18 (Nov. 15, 2023).

disagrees with Mr. Warrington's assessment regarding the sufficiency of the State's evidence.[14]

8.   The State's response to Mr. Warrington's motion noted it provided the police report to Mr. Warrington during initial discovery.[15]  The State pointed to Mr. Warrington's answers during the plea colloquy conducted by this Court, along with Mr. Warrington's answers on the Truth-in-Sentencing plea form, to support the Court's finding that Mr. Warrington entered his guilty plea knowingly and voluntarily.[16]

9.   The Commissioner issued the Report on March 15, 2024.[17]  The Commissioner found trial counsel represented Mr. Warrington competently.[18] Further, the Commissioner found Mr. Warrington's other arguments meritless, concluding Mr. Warrington entered his guilty plea knowingly and voluntarily.[19]

10.   Under Superior Court Criminal Rule 62(a)(5)(ii), any party objecting to a Commissioner's report must file their objections within ten days of the

---

[14] Id.

[15] D.I. 21 at 5 (Dec. 15, 2023).

[16] Id. at 6.

[17] D.I. 24 (Mar. 14, 2024).

[18] Id. at 8.

[19] Id. at 10-11.

Commissioner filing their report. A party "who fails to comply with the provisions of this rule may be subject to dismissal of said motion for reconsideration or appeal."[20]

11.    Mr. Warrington did not file any objection to the Report, timely or otherwise. Thus, this Court "may accept, reject, or modify, in whole or in part, the findings of fact or recommendations made by the Commissioner."[21]

12.    This Court accepts and **ADOPTS** the Report. Mr. Warrington's Motion for Postconviction Relief is **DENIED**.

  **IT IS SO ORDERED.**

_____
Reneta L. Green-Streett, Judge

RLG/ds
oc:    Prothonotary
cc:    Marie O. Graham, Esquire
         The Honorable Andrea M. Freud
         Trial Counsel
         Mr. Harold Warrington

---

[20] Del. Super. Ct. Crim. R. 62(b).

[21] Del. Super. Ct. Crim. R. 62(a)(5)(iv).